## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 23-cv-23703-JB

COMMODITY FUTURES TRADING
COMMISSION,

      Plaintiff,

vs.

ROBERTO PULIDO, *et al.*,

      Defendants.

_____/

### DEFAULT FINAL JUDGMENT

Pursuant to the Court's Order Entering Default Final Judgment, Permanent Injunction, Civil Monetary Penalty, and Ancillary Equitable Relief against Defendants Roberto Pulido a/k/a Berto Delvanicci ("Pulido") and Lions of Forex LLC ("LOF") (collectively "Defendants"), ECF No. [33], it is **ORDERED AND ADJUDGED** that, as to Counts One and Two of the Complaint, **FINAL JUDGMENT** is entered in favor of Plaintiff and against Pulido and LOF.

It is further **ORDERED** as follows:

### I.   PERMANENT INJUNCTION

Pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2018), Pulido and LOF are permanently restrained, enjoined and prohibited from directly or indirectly engaging in conduct in violation of Sections 4b(a)(2)(A) and (C) and 4o(1)(A), (B) of the Commodity Exchange Act ("Act), and Commission Regulation 5.2(b)(1) and (3).

Defendants Pulido and LOF are also permanently restrained, enjoined and prohibited from directly or indirectly:

1. Trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a(40));

2. Entering into any transactions involving "commodity interests" (as that term is defined in Regulation 1.3, 17 C.F.R. § 1.3 (2022)) for Defendants Pulido's and LOF's own personal account or for any account in which Defendant Pulido and LOF have a direct or indirect interest;

3. Having any commodity interests traded on Defendant Pulido's and LOF's behalf;

4. Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

5. Soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

6. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2022); and

7. Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2022)), agent or any other officer or employee of any person (as that term is defined in Section 1a(38) of the Act, 7 U.S.C. § 1a(38)) registered,

exempted from registration or required to be registered with the Commission except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2022).

## II.   RESTITUTION AND CIVIL MONETARY PENALTY

1.   As set forth in the Court's Order Entering Default Judgment, Permanent Injunction, Civil Monetary Penalty, and Ancillary Equitable Relief, ECF No. [33], **no later than November 25, 2024**, Defendants Pulido and LOF shall pay, jointly and severally, restitution in the amount of $172,097.50 to the Monitor who will have the discretion to distribute restitution equitably (the "Restitution Obligation").  If the Restitution Obligation is not paid in full by **November 25, 2024**, Defendants shall pay, jointly and severally, post-judgment interest to the Monitor, which shall accrue on the Restitution Obligation beginning on the date of entry of this Final Judgment and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

2.   As set forth in the Court's Order Entering Default Judgment, Permanent Injunction, Civil Monetary Penalty, and Ancillary Equitable Relief, ECF No. [33], **no later than November 25, 2024** Defendants Pulido and LOF shall pay, jointly and severally, a civil monetary penalty in the amount of $516,292.50 to the CFTC (the "CMP Obligation").  If the CMP Obligation is not paid in full by **November 25, 2024**, Defendants shall pay, jointly and severally, post-judgment interest to the CFTC, which shall accrue on the CMP Obligation beginning on the date of entry of this Final Judgment and shall be

determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961 (2006).

**DONE AND ORDERED** in Miami, Florida, this 13th day of November, 2024.

_____

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**